IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| ARLINGTON ERNEST WINGROVE, | ) | |
| | ) | |
| Petitioner, | ) | CIV 09-02524 PHX DGC (MEA) |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| CHARLES L. RYAN, TERRY GODDARD, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |
| _____ | ) | |

**TO THE HONORABLE DAVID G. CAMPBELL:**

On or about December 3, 2009, Petitioner filed a *pro se* petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondents filed an Answer to Petition for Writ of Habeas Corpus ("Answer") (Docket No. 8) on March 24, 2010. Respondents contend the action for habeas relief should be denied and dismissed because Petitioner failed to file his action within the applicable statute of limitations.

**I Procedural History**

In January of 1990 Petitioner was charged with three counts of child molestation, which crimes were alleged to have occurred in September of 1981. Answer, Exh. C. Petitioner's counsel moved to dismiss the charges, arguing that the seven-year statute of limitations precluded prosecution on the charges

stated in the indictment. Id., Exh. C. The state responded that the crimes were not discovered by the state, i.e., reported by the victim, until April of 1984 and, accordingly, that the charges were timely filed. Id., Exh. C.[1] The state trial court denied the motion to dismiss. Id., Exh. C.

Petitioner's counsel then moved the state trial court to dismiss the charges, asserting Petitioner's right to due process of law was violated by the state's pre-indictment delay in bringing the charges against Petitioner. Id., Exh. C. The motion also re-urged the statute of limitations argument previously presented in the first motion to dismiss. Id., Exh. C. Petitioner's second motion to dismiss, filed in April of 1990, was not decided prior to June 5, 1990, when Petitioner entered into a plea agreement with regard to the charges stated in the indictment. Id., Exh. C.

Pursuant to a written plea agreement, on June 5, 1990, Petitioner entered a plea of no contest to the amended first count of the indictment, i.e., a charge of attempted child molestation. See id., Exh. A. The indictment was amended to reflect the crime occurred at some time from February of 1981 through May of 1981, rather than during the first two weeks of September 1981, as originally charged. Id., Exh. C.[2] Pursuant

---

[1] At the time the crimes were committed Arizona law provided that the statute of limitations for the crimes was seven years. See Ariz. Rev. Stat. § 13-107 (1981).

[2] Petitioner is the uncle of the victim, who was five years old in 1981, and Petitioner lived with the victim's family during the period February 1, 1981, through May 1, 1981. Answer, Exh. C.

-2-

to this conviction Petitioner was sentenced to an aggravated term of ten years imprisonment, to be served consecutively to a sentence of imprisonment Petitioner was already serving in a different criminal matter. Id., Exh. A.[3]

Petitioner took a direct appeal of his conviction and sentence. The Arizona Court of Appeals affirmed Petitioner's conviction and sentence; the mandate issued November 5, 1991. Id., Exh. A.

On March 26, 2007, Petitioner initiated an action seeking state post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure. Id., Exh. B. Petitioner was represented by appointed counsel in his Rule 32 proceeding. Id., Exh. C. Petitioner asserted he had new evidence that his crime of conviction was first reported to law enforcement in 1981, not in 1984 as alleged. Id., Exh. C at 1. Petitioner argued that, because the crime had allegedly been reported earlier, the statute of limitations had run prior to his arrest and, accordingly, the trial court lacked jurisdiction to convict and sentence him.[4]

---

[3] At the time he entered his plea in the case at issue in this matter, Petitioner was serving a term of 17 years imprisonment pursuant to his conviction for child molestation in a 1990 Pinal County case. Answer, Exh. C.

[4] In his *pro se* notice of post-conviction relief Petitioner also asserted he was denied his right to the effective assistance of trial and appellate counsel. Answer, Exh. B. However, Petitioner's appointed Rule 32 counsel did not brief this issue to the state court's attention, noting Petitioner was raising a single issue in his Rule 32 action. Id., Exh. C.

-3-

To support this Rule 32 claim Petitioner submitted a notarized letter dated August 10, 2005, authored by the victim's mother. Id., Exh. C at App. B. The letter is addressed to the Arizona Department of Corrections, in reference to Petitioner's parole hearing. The letter stated that "I have been the sole contact beginning with the initial report of the crime February 1, 1981 ...." Id., Exh. C at App. B. In response to Petitioner's assertion of new evidence, the state submitted the initial police report regarding Petitioner's crime of conviction, indicating that the offense was first reported to the state on April 27, 1984. Id., Exh. A.

The state trial court denied relief in Petitioner's Rule 32 action, concluding Petitioner had failed to set forth a colorable issue of law or fact that would entitle him to relief. Id., Exh. A at 2. The state trial court found the alleged statement attributed to the victim's mother to the Department of Corrections was insufficient to substantiate Petitioner's claim. Id., Exh. A. The court concluded that there was nothing in the record to substantiate a claim that Petitioner's crime was reported to the police prior to April 1984. Id., Exh. A.

Petitioner sought review of this decision by the Arizona Court of Appeals, which denied review on October 27, 2008. See Petition at 4.

On December 3, 2009, Petitioner filed this action pursuant to 28 U.S.C. § 2254. Petitioner asserts three claims for relief, in each asserting the violation of his rights to due process of law and a fair trial. Petitioner specifically

1 contends he has been denied his rights pursuant to the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

Petitioner claims he was denied due process of law because he has a notarized letter allegedly establishing that his crime was first reported to authorities more than seven years before he was arrested. Accordingly, Petitioner argues, his arrest occurred outside the state's statute of limitations period. Petitioner also alleges that he was denied his right to the effective assistance of counsel. In his third claim for relief Petitioner argues the Arizona Court of Appeals committed "compound fundamental error" by not conducting a hearing on the colorable claim presented in his Rule 32 action.

**II Analysis**

The petition seeking a writ of habeas corpus is barred by the applicable statute of limitations found in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA imposed a one-year statute of limitations on state prisoners seeking federal habeas relief from their state convictions. See, e.g., Espinoza Matthews v. California, 432 F.3d 1021, 1025 (9th Cir. 2005); Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). Additionally, the AEDPA required state prisoners whose convictions became final before April 24, 1996, to file their petitions for habeas corpus relief from those convictions by April 25, 1997. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). The running of this one-year statute of limitations on habeas petitions for state convictions

which became final before April 24, 1996, was suspended during any period when "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim [was] pending" in any state court. 28 U.S.C. § 2244(d)(2); see also Artuz v. Bennet, 531 U.S. 4, 8, 121 S. Ct. 361, 363-64 (2000); Harris v. Carter, 515 F.3d 1051, 1053 (9th Cir. 2008); Harris v. Hutchinson, 209 F.3d 325, 327-28 (4th Cir. 2000).

Petitioner's conviction and sentence became final in 1991 at the conclusion of his direct appeal proceedings, prior to the effective date of the AEDPA. Accordingly, Petitioner had until April 25, 1997, to file a federal petition for habeas relief regarding his 1990 conviction for attempted child molestation. Petitioner did not file a federal habeas action prior to expiration of the statute of limitations on April 25, 1997. Petitioner's filing of an action pursuant to Rule 32, Arizona Rules of Criminal Procedure, in 2007, could not and did not restart the already-expired statute of limitations for filing Petitioner's federal habeas action. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003), citing Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001); Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000).

Petitioner presents federal habeas claims that are predicated on what he asserts is newly discovered evidence, i.e., the letter from the victim's mother dated August 10, 2005.

The AEDPA provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> ***
> (D) *the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*

28 U.S.C.A. § 2244(d)(1) (emphasis added).

The limitations period on a habeas claim challenging the petitioner's conviction, which claim is based on newly discovered evidence, begins to run when the prisoner could have discovered the new evidence through the exercise of due diligence. See, e.g., Redd v. McGrath, 343 F.3d 1077, 1083 (9th Cir. 2003).

> However, under AEDPA's exhaustion requirement, the petitioner must fully present his claim based on newly discovered evidence to the state courts before he can file a federal habeas petition. []. The limitations period is tolled, however, under § 2244(d)(2) while the prisoner's claim based on newly discovered evidence is pending in state court. Thus, for claims based on newly discovered evidence, the limitations period begins to run when the new evidence should have been discovered through the exercise of due diligence until the prisoner files a petition for state collateral review. The prisoner's federal petition based on that claim becomes ripe for filing once the state courts have completed a full round of collateral review.

Id. (internal citations omitted).

-7-

The federal habeas petition raises two claims related to Petitioner's criminal proceedings in 1990; a claim that he was denied his right to due process of law because the statute of limitations had expired prior to his indictment, and a claim that he was denied his right to the effective assistance of counsel. The factual predicate for these claims was known to Petitioner at the time of his conviction and sentencing in 1990. The statute of limitations issue was raised in his initial criminal proceedings. Any deficiency on the part of Petitioner's trial or appellate counsel was known to Petitioner no later than the conclusion of his direct appeal in 1991, and Petitioner did not seek post-conviction relief on a claim of ineffective assistance of counsel prior to 2007.

Assuming that the factual predicate for Petitioner's claims is the purported evidence in the letter written by the victim's mother that the crimes were reported in 1981, the one-year statute of limitations with regard to Petitioner's first two federal habeas claims began to run on or about the date the letter was notarized, September 16, 2005, when this information became available to Petitioner, and allowing for the tolling of the statute of limitations from March 26, 2007, through November 27, 2008, during the pendency of Petitioner's state Rule 32 proceedings, the petition filed on December 3, 2009, was still not filed within one-year statute of limitations. Accordingly, the Court should not consider the merits of the first two claims raised in the habeas petition, absent Petitioner's demonstration that he is entitled to equitable tolling of the statute of

limitations.

With regard to Petitioner's third claim for habeas relief, asserting the deprivation of due process in his state post-conviction proceedings, assuming the basis of this claim became known to Petitioner on October 27, 2008, the habeas petition asserting this claim, filed on December 3, 2009, was not filed within the one-year limitations period.[5]

Petitioner is not entitled to the equitable tolling of the statute of limitations. A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814-15 (2005). See also Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011-14 (9th Cir.), cert. denied, 130 S. Ct. 244 (2009).

The Ninth Circuit Court of Appeals has determined equitable tolling of the filing deadline for a federal habeas petition is available only if extraordinary circumstances beyond the petitioner's control make it impossible to file a petition on time. See Chaffer v. Prosper, 592 F.3d 1046, 1048-49 (9th

---

[5] Additionally, the assertion that the state courts deprived a petitioner of their right to due process of law based on a state court's decision in post-conviction proceedings is not a cognizable claim for federal habeas relief. Federal habeas relief is not available to redress errors in state post-conviction proceedings. See Ortiz v. Stewart, 149 F.3d 923, 939 (9th Cir. 1998); Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997); Villafuerte v. Stewart, 111 F.3d 616, 632 n.7 (9th Cir. 1997) (stating that a claim that the petitioner "was denied due process in his state habeas corpus proceedings" was not cognizable on federal habeas review); Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989).

Cir. 2010); Waldron-Ramsey, 556 F.3d at 1011-14 & n.4; Harris, 515 F.3d at 1054-55 & n.4; Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2003), modified on other grounds by 447 F.3d 1165 (9th Cir. 2006). Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas action. See Chaffer, 592 F.3d at 1048-49; Waldron-Ramsey, 556 F.3d at 1011; Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

Equitable tolling is to be rarely granted. See, e.g., Waldron-Ramsey, 556 F.3d at 1011; Jones v. Hulick, 449 F.3d 784, 789 (7th Cir. 2006); Stead v. Head, 219 F.2d 1298, 1300 (11th Cir. 2000) (holding this remedy is "typically applied sparingly"). The petitioner must establish a causal connection between the alleged roadblock to their timely filing of their federal habeas petition and the actual failure to file the petition on time. See Gaston, 417 F.3d at 1034; Lawrence v. Florida, 421 F.3d 1221, 1226-27 (11th Cir. 2005). It is Petitioner's burden to establish that equitable tolling is warranted in his case. See Espinoza Matthews, 432 F.3d at 1026; Gaston, 417 F.3d at 1034.

A petitioner's *pro se* status, ignorance of the law, and lack of representation during the applicable filing period do not constitute circumstances justifying equitable tolling because such circumstances are not "extraordinary." See, e.g., Chaffer, 592 F.3d at 1048-49; Waldron-Ramsey, 556 F.3d at 1011-14; Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004).

-10-

Additionally, a federal habeas petitioner seeking equitable tolling must also act with "reasonable" diligence "throughout the period he seeks to toll." Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000). See also Chaffer, 592 F.3d at 1049; Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).

**III Conclusion**

The federal habeas petition was not filed within the one-year statute of limitations and Petitioner has not provided a basis for equitable tolling of the statute of limitations.

**IT IS THEREFORE RECOMMENDED** that Mr. Wingrove's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the

District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 29th day of April, 2010.

_____
Mark E. Aspey
United States Magistrate Judge